# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| **EMILIO GUTIERREZ-SOTO and OSCAR GUTIERREZ-SOTO,** | § § § § | |
| *Petitioners,* | § § | |
| **v.** | § § | **EP-18-CV-00071-DCG** |
| **JEFFERSON SESSIONS III,** *in his official capacity as Attorney General of the United States;* **KIRSTJEN NIELSEN,** *in her official capacity as Secretary of U.S. Department of Homeland Security;* **THOMAS HOMAN,** *in his official capacity as Director of U.S. Immigrations and Customs Enforcement;* **WILLIAM JOYCE,** *in his official capacity as Acting El Paso Field Office Director for U.S. Immigration and Customs Enforcement;* **and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | § § § § § § § § § § § § § | |
| *Respondents.* | § | |

## ORDER GRANTING LIMITED DISCOVERY

Presently before the Court is Petitioners Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's "Motion for Order to Show Cause and Telephone Conference for Discovery" ("Motion") (ECF No. 44) filed on July 18, 2018. Therein, Petitioners request a telephone conference to discuss discovery issues in the case and an order to show cause requesting a response from Respondents as to why they should not provide discovery. Mot. at 4–5. The Court's policy is to not conduct conferences by telephone, so the Court will deny that request. However, the Court agrees that Petitioners are entitled to limited discovery in this matter. Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure

and may limit the extent of discovery."[1] *See also Momennia v. Estrada*, No. 3-03-0525-M, 2003 WL 21318323, at **1–2 (N.D. Tex. May 21, 2003) (finding limited discovery to be warranted under Rule 6(a) in a Section 2241 habeas case). "Good cause exists 'where specific allegations before the court show reasons to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at *1 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). Here, Petitioners have made specific allegations articulating why they might be entitled to relief and why limited discovery is necessary. *See* Mot. at 3–4. In accordance with the above, the Court enters the following orders:

**IT IS ORDERED** that Petitioners Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's request for a telephone conference is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioners Emilio Gutierrez-Soto and Oscar Gutierrez-Soto's request for limited discovery is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the following discovery requests:

1) A list identifying any and all people who participated in authoring, determining the criteria for, compiling, or otherwise creating the Non-Detained Target List;

2) A copy of Petitioners Emilio and Oscar Gutierrez-Soto's complete A-Files with no redactions; and

3) Copies of all documents, including but not limited to emails, related to Petitioners' detention (this includes, but is not limited to, documents and correspondence exchanged between members of the Texas ICE office and documents and correspondence between members of the Texas ICE office and any members of the Department of Homeland Security and Department of Justice). The Court **DENIES** the following discovery requests:

---

[1] Rule 1(b) also provides: "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Thus, Rule 6(a) also applies to the instant cause, a Section 2241 habeas case.

1) A list of witnesses that Respondents will call at the August 1 hearing, along with their locations and copies of their curriculum vitae;

2) A complete and unredacted copy of the "Target List" email chain; and

3) A list identifying any and all people who received the Non-Detained Target List.

**IT IS FINALLY ORDERED** that Respondents shall **PRODUCE** the ordered discovery by **July 27, 2018**. If the ordered discovery reveals any information relevant to Petitioners' reply brief, Petitioners may **FILE** an addendum to their reply brief by **July 30, 2018**.

So ORDERED and SIGNED this _20_ day of July 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE